IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVON SMITH | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1261 |
| | ) | |
| v. | ) | |
| | ) | The Honorable Arthur J. Schwab |
| E. STREIT, *Correctional Officer* | ) | |
| | ) | |
| | ) | **ELECTRONICALLY FILED** |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil rights case, brought pursuant to 28 U.S.C. Section 1983. Pending before the Court is the Motion for Summary Judgment filed by Corrections Defendant E. Streit ("Defendant").  ECF No. 40.   Plaintiff Davon Smith ("Plaintiff") filed his Amended Complaint on September 11, 2023, alleging a single claim for access to courts under the First Amendment against Defendant Streit.  ECF No. 30.

Defendant argues that he is entitled to judgment in his favor because Plaintiff has failed to show an actual injury, which is required in order to state a claim for access to courts under the First Amendment.  For the reasons set forth below, Defendant's Motion for Summary Judgment will be granted.  ECF No. 40.

**I. Standard of Review**

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

1

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.,* depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for this claim. *Conoshenti v. Public Serv. Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party

must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s).  Fed.R.Civ.P. 56(c)(1).  When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party.  *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).  Although courts must hold *pro se* pleadings to less stringent standards than pleadings drafted by lawyers, at the summary judgment stage a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, not just mere allegations to show that there is a genuine dispute for trial. See, *e.g.*, *Barnett v. NJ Transit Corp.*, 573 Fed. Appx.  239, 243 (3d Cir. 2014) (holding that the pro se plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Siluk v. Beard*, 395 Fed. Appx.  817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."); *Mala v. Crown Bay Marina,Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (*pro se* plaintiffs "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.").  Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment.  *Anderson*, 477 U.S. at 252.

## II. Factual Background

Because this Court writes primarily for the benefit of the parties who are well-acquainted with all the facts, it will confine the substantive facts to those relevant to this Court's decision to

grant summary judgment on the one claim brought against Defendant.  The record as read in the light most favorable to Plaintiff establishes the background set forth below.[1]

Plaintiff is now an inmate at SCI Huntington, ECF No. 42 ¶1, and brings this action concerning events that allegedly occurred while he was incarcerated at the Pennsylvania State Correctional Institution at Fayette ("SCI Fayette").  *Id.* ¶2.  Plaintiff alleges that while he was housed at SCI Fayette, and he was in the shower on February 14, 2022, Defendant entered his cell and took and disposed of all his legal work that he had which would have allegedly proved his innocence.  *Id.* ¶4.  Plaintiff claims that because of Defendant's actions, he did not have the requisite documents to properly argue his case at the Pennsylvania Post Conviction Relief Act ("PCRA") hearing that he had scheduled before the Court of Common Pleas of Blair County, Pennsylvania.  *Id.* ¶5.

Defendant was a Corrections Officer at SCI Fayette in February of 2022 and provided care, custody, and control of inmates.  *Id.* ¶15.  As for the next statement offered by Defendant, however, ("Defendant offers A true and correct copy of [Defendant's] Declaration is attached hereto and marked as Exhibit B"), *Id.* ¶15, Plaintiff "denies that the Declaration is a "true and correct account."  ECF No. 60 ¶15.  Similarly, Plaintiff denies Defendant's statement "that [Defendant] does not have any recollection of Inmate Davon Smith and/or any interactions with Inmate Davon Smith."  ECF No. 42 ¶16.  Rather, Plaintiff asserts that "On February 14, 2022, Defendant [] escorted Plaintiff to the shower.  While Plaintiff showered [,] Defendant . . . entered[d] Plaintiff['s] cell and confiscated Plaintiff['s] legal documents and threw them in the trashcan."  ECF No. 60 ¶16.

---

[1] These facts are gleaned from the parties' Concise Statements of Material Facts, and Responses thereto, and are undisputed unless otherwise indicated.  ECF No. 42 and ECF No. 60.

In Plaintiff's Response to Defendant's Concise Statement of Material Facts, he admits in part and denies in part that his PCRA counsel filed an Anders brief stating that Plaintiff's issues were meritless. *Id.* ¶6, ECF 60 ¶6.  Plaintiff clarifies as follows: "[H]is first PCRA attorney filed an Anders brief for his first PCRA and not the second PCRA that he is currently in court for now.  The legal documents that Defendant Streit confiscated and threw in the trash can [were] for the second PCRA."  ECF No. 60 ¶6.  Though Plaintiff claims to admit in part and deny in part Defendant's fact seven, he admits the substance, that he failed to state the case number for the PCRA hearing, that a review of Plaintiff's record shows that he has had many PCRA hearings before and after February 2022, in case number CP-07-CR-0001619-2014, in Blair County Court of Common Pleas, and that Plaintiff provides that same number as accurate.  ECF No. 42 ¶7, ECF No. 60 ¶7.

PCRA status conferences were scheduled before the state court on February 24, 2022, ECF No. 42 ¶8, and May 13, 2022, *Id.* ¶9.  A PCRA status conference was cancelled on October 4, 2022. *Id.* ¶10.  On November 7, 2022, a PCRA pre-trial conference was scheduled before the state court.  *Id.* ¶11.  On February 2, 2023, a PCRA hearing was rescheduled to March 24, 2023. *Id.* ¶12.  On July 19, 2023, a PCRA hearing was continued and moved.  *Id.* ¶13.   A review of the docket indicates the case is still ongoing as Plaintiff's PCRA hearing has been continued and is still pending in the Blair County Court of Common Pleas.  *Id.* ¶14.

Plaintiff filed his original Complaint on September 1, 2022, alleging Eighth, Fifth, and Fourteenth Amendment claims against three Corrections Department Defendants, some in their official capacities and some in their individual capacities.  ECF No. 1.   In addition, Plaintiff alleged this First Amendment access to courts claim against Defendant.  *Id.*   On February 17, 2023, the Corrections Defendants moved to dismiss for failure to state a claim, ECF No. 19, and

on September 5, 2023, this Court granted the Motion to Dismiss with prejudice as to all claims except the First Amendment access to courts claim, which it dismissed "<u>without prejudice to Plaintiff's filing an amended complaint as to the First Amendment access to the courts claim against Defendant Streit</u>. . .." *Smith v. Streit,* No. 22CV1261, 2023 WL 5721689, at *1 (W.D. Pa. Sept. 5, 2023) (emphasis in original).   In reaching the conclusion to dismiss the Complaint without prejudice as to the First Amendment access to courts claim, this Court adopted[2] the August 3, 2023, Report and Recommendation of United States Magistrate Judge Lisa Pupo Lenihan, ECF No. 28, in which the Court explained how Plaintiff could properly proceed to state a claim:

> Plaintiff [in his initial Complaint] did not describe with specificity the injury suffered as a result of Defendant Streit's destruction of his legal materials.  However, when construing the facts liberally, Plaintiff's allegations that the deprivation of his legal papers prevented him the opportunity to prove his innocence at his upcoming evidentiary hearing reasonably suggests that Plaintiff suffered actual injury following the incident.  Viewing the factual allegations in a light most favorable to the Plaintiff, the Court finds that Plaintiff may be able to plead sufficient facts to satisfy the actual injury requirement set forth by the Court in *Lewis [v. Casey*, 518 U.S. 343 (1996).] The Court recommends that Defendants' Motion to Dismiss Plaintiff's First Amendment access to the courts claim be granted without prejudice to Plaintiff filing an amended complaint *to allege facts demonstrating that the destruction of his legal documents thwarted his ability to present a meritorious claim.*

ECF No. 28 at 12-13, *adopted by Smith v. Streit, supra.* (emphasis supplied).

   The question now before this Court is whether Plaintiff has alleged facts showing an actual injury, that is, demonstrating that the destruction of his legal documents thwarted his ability to present a meritorious claim.

---

[2] The Report and Recommendation was adopted with one modification only, that the Court would not address the pendent state law claims but dismiss them.  *Smith v. Streit*, No. 22CV1261, 2023 WL 5721689, at *1 (W.D. Pa. Sept. 5, 2023).

### III. Discussion

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

The first element of a successful access-to-courts claim must show an "actual injury," which may "include a court dismissal of a complaint [or] an inability to even file a complaint." *Stevens v. Dickey*, 2020 WL 5653498, at *4 (W.D. Pa. Sept. 23, 2020). Other examples of actual injury include "missed court dates, missed filing deadlines, a denial of legal assistance to which he was entitled, or the loss of a case which he should have won." *See Fortes v. Harding*, 19 F. Supp. 2d 323, 327 (M.D. Pa. 1998). The essence of a "viable claim of interference with access to the courts is a showing by the inmate of direct injury to [his] access to the courts." *Stevens*, 2020 WL 5653498, at *4 (citing *Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (internal citations and quotations omitted)). This "injury requirement," however," is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Rather, as the United States Court of Appeals for the Third Circuit has emphasized, in access to courts claims, the underlying "claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement." *Flowers v. Phelps*, 514 Fed. Appx. 100, 103 (3d Cir. 2013) (citing *Lewis*, 518 U.S. at 355, 116 S. Ct. at 2174).

In Plaintiff's Amended Complaint, he points to his inability to make a case in a second PCRA hearing regarding the ineffectiveness of his PCRA counsel at his first PCRA hearing because Defendant confiscated and disposed of his papers while he was in the shower. ECF No. 30 ¶¶ 6, 7.

In fact, Plaintiff has had repeated access to the courts, and crucially, as Defendant asserts, and Plaintiff admits, the case is still ongoing and Plaintiff's PCRA hearing has been continued. ECF No. 41 at 5, ECF 59 at 3.   An independent review of Plaintiff's criminal docket - a public record – reveals that as recently as August 9, 2024, Plaintiff's PCRA claim is still being litigated. Plaintiff also admits that at least some of the material he had gathered may be replaceable but asserts that it would be onerous and time-consuming to "reassemble everything." ECF 30 ¶8. This Court notes too, that Plaintiff took a direct appeal of his first PCRA denial to the Superior Court of Pennsylvania; among other issues, he asserted an ineffectiveness of trial counsel claim; the Superior Court evaluated it and found that it had no merit. *Commonwealth v. Smith*, 248 A.3d 472 (Pa. Super.  Ct. 2021) ("Counsel cannot be ineffective for failing to raise a meritless claim.").

Finally, this Court agrees with Defendant that Plaintiff fails to state a viable claim in his Amended Complaint.   When this Court previously dismissed, without prejudice, Plaintiff's First Amendment access to courts claim in his initial complaint, the Court provided Plaintiff an opportunity to demonstrate that the destruction of legal documents thwarted his ability to present a meritorious claim.   As this Court stated then:

> Following Lewis, courts have consistently recognized that access-to-courts claims by prisoners require some proof of an actual, concrete injury in the form of direct prejudice to the plaintiff in the pursuit of some legal claim.  See, e.g., *Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997) (additional citations omitted) . . .. Importantly, Plaintiff must come forward with evidence to show that the

> underlying arguable claim is "more than hope," and he must also describe the "lost remedy." See *Christopher*, 536 U.S. at 416-17.

ECF No. 28 at 12, *adopted by Smith v. Streit, supra*.

In Plaintiff's Amended Complaint, he asserts, for example, that (1) "the destroyed notes caus[ed] plaintiff to attend his evidentiary hearing without the necessary needed documents ultimately resulting in the plaintiff losing his chance to prove his innocence." ECF No. 30 at 2; (2) "all of the evidence of the plaintiff counsel ineffectiveness and the evidence of the plaintiff pcra counsel ineffectiveness upon other evidence was part of the documents that was thrown in the trash can by streit." *Id.* at 3; (3) "as a result of street throwing away the plaintiff whole case file the plaintiff lost the opportunity to present non-frivolous, arguable issues that the plaintiff believe that would have exonerated him." *Id.;* and (4) he "had all the undeniable evidence of the unjust ineffective representation of this trial and pcra attorneys ready to be resented at the evidentiary hearing when defendant streit rob him of the last hope that he had of being exonerate of the crimes that he was erroneously convicted of." *Id.* at 4.

Absent, however, is an explanation of how these destroyed materials would assist Plaintiff's case, or what legal claims, other than ineffective assistance of counsel, he could not pursue by the loss of his materials. This Court is left without answers to the following questions. What was the evidence Plaintiff had amassed that would show ineffective assistance of counsel? What were the other non-frivolous arguable issues, and which documents were necessary to prove his claims? What those documents would have revealed, or how those documents would have helped exonerate him?

Plaintiff's Response to Defendant's Concise Statement of Material Facts does not provide answers. ECF No. 59. For example, Plaintiff describes having lost "extensive research, case law, briefs, affidavits, transcripts, reports, statements, arguments and a strategize presentation,

that Plaintiff intended to present. . ..." ECF No. 59 at 2.  With regard to the affidavits that Plaintiff alleges to have lost, this Court is left to wonder about those affidavits.  In particular, Plaintiff has failed to set forth the subjects of the affidavits, the substance of those affidavits, and how those affidavits would have been beneficial to his claim or would have presented a meritorious claim/defense.  After a thorough review of the pleadings and the record in this matter, this Court finds that Plaintiff still has not, even at this renewed opportunity, alleged facts demonstrating an actual injury or showing that the destruction of legal documents thwarted his ability to present a meritorious claim.  Plaintiff has failed to present any genuine issues of material facts and Defendant is entitled to judgment as a matter of law.  Thus, the Court will grant summary judgment against Plaintiff and in favor of Defendant.

### IV.     Conclusion

Based on the foregoing law and authority, this Court will grant Defendant's Motion for Summary Judgment.  An appropriate Order follows.

s/Arthur J. Schwab<br>
ARTHUR J. SCHWAB<br>
United States District Judge

cc:     DAVON SMITH
        MD0777
        SCI HUNTINGDON
        1100 Pike Street
        Huntingdon, PA 16654

        All ECF-registered Counsel of Record